**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Dated: 02:53 PM August 15, 2017

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| MICHAEL ALLEN LONGSHORE | ) | CASE NO. 14-61528 |
| AND SANDRA KAY | ) | |
| LONGSHORE, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Debtors. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

Chapter 13 debtors Michael Allen Longshore and Sandra Kay Longshore moved the court for authority to borrow money, specifically to incur student loan debt on behalf of their daughter. Toby L. Rosen, chapter 13 trustee, objected to the motion. The court held a telephonic hearing on August 14, 2017.

The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered by The United States District Court for the Northern District of Ohio on April 4, 2012. Gen. Order 2012-7. Pursuant to 11 U.S.C. § 1409, venue in this court is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

## FACTS

Just over three years ago, Debtors filed a chapter 13 petition. Per their schedules, they owed $121,107 in secured debt, consisting of a first and second mortgage and a car loan, and $58,324 in unsecured debt, including a $13,861 student loan. The court confirmed their sixty month, one hundred percent (100%) plan on January 29, 2015. Debtors are current on their plan payments.

In 2016, Debtors borrowed over $30,000 to purchase a van to transport a disabled daughter. The $673 per month payments are made from their daughter's social security benefits. That is the only noteworthy event in the case since confirmation.

On July 31, 2017, Debtors moved for authority to take out a Direct PLUS loan for a daughter. She is to start college at Mount Vernon Nazarene University ("Mount Vernon") this semester and has a partial volleyball scholarship. The motion and support document, including the Master Promissory Note, contain no information about the amount of the loan, interest rate, or payments. At the hearing, Debtors' counsel represented that it is an open loan but they intend to borrow $12,900. The motion states that payments will be due after they complete their chapter 13 plan. They also stated that this is for one year only and they do not anticipate signing additional loans for their daughter.

## DISCUSSION

What the court does not know is considerable. Details about the loan were scarce. Debtors were unable to provide the total cost of tuition for Mount Vernon, nor did they provide any information on the value of the scholarship or other financial aid. It is not clear how this loan would compare to what would be necessary to attend a public university. But more troubling for the court is the fact that no one has provided the basis for the court to approve loans of this nature. There is no provision in the Bankruptcy Code that specifically authorizes a chapter 13 debtor to incur postpetition debt. Consequently, the court will deny the motion.

An order will be entered immediately.

# # #

**Service List:**

Michael Allen Longshore
Sandra Kay Longshore
6005 Ankneytown Road
Bellville, OH 44813

William C Fithian, III
111 N Main St
Mansfield, OH 44902

Toby L. Rosen, Trustee
400 W Tuscarawas Street
Citizens Bank Bldg. 4th Floor
Canton, OH 44702

3